# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-1704

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the Eastern |
| v. | * | District of Arkansas. |
| | * | |
| Lawrence Larnil Walker, | * | [UNPUBLISHED] |
| | * | |
| Appellee. | * | |

_____

Submitted: September 12, 2000

Filed: September 19, 2000

_____

Before RICHARD S. ARNOLD, FAGG, and BYE, Circuit Judges.

_____

PER CURIAM.

Lawrence Larnil Walker appeals the denial of his motion to suppress drug and firearm evidence obtained in a search of his home and his mother's home. For reversal, Walker argues the affidavit in support of the search warrant did not establish probable cause because it contained information from confidential informants whose reliability had not been established. Contrary to Walker's view, the affidavit information that Walker delivered 12 grams of crack cocaine to a confidential informant in exchange for $200 was reliable because it came from a police detective, see Walden v. Carmack, 156 F.3d 861, 870 (8th Cir. 1998), the informants' statements that Walker hid a bag of

cocaine in a ditch beside his home and marijuana in an abandoned house were reliable because they were corroborated by the independent investigation of police officers, see id., and the informant's statement that Walker hid cocaine and cash at his mother's and girlfriend's residences was reliable because the informant had previously provided accurate information to police, see id. We reject as meritless Walker's assertion that state law should govern this issue. See United States v. Tate, 821 F.2d 1328, 1330 (8th Cir. 1987) ("In a federal prosecution, the legality of a search and seizure is not determined by reference to a state statute, but . . . by fourth amendment analysis."). Because the affidavit provided an ample basis to establish probable cause for a search warrant, we affirm the denial of Walker's motion to suppress.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.