STATE OF NEBRASKA, APPELLEE, V.
CLIFFORD WISINSKI, APPELLANT.
680 N.W.2d 205

Filed May 25, 2004.   No. A-03-467.

Patrick J. Boylan, Deputy Sarpy County Public Defender, for appellant.

Jon Bruning, Attorney General, and Jeffrey J. Lux for appellee.

IRWIN, Chief Judge, and SIEVERS and INBODY, Judges.

Irwin, Chief Judge.

## I. INTRODUCTION

Clifford Wisinski appeals from a jury verdict finding him guilty of burglary, a Class III felony, and theft by unlawful taking, more than $1,500, a Class III felony. For the reasons stated below, we affirm.

## II. BACKGROUND

On January 31, 2002, Thomas Szynskie and Jana Szynskie went on vacation to Oklahoma. Jana left a key at the home of her friend, Wendy Womochil, with instructions for Womochil to care for Jana's pets while the Szynskies were away. Womochil was not present at her home when Jana left her key, but Womochil's friend, Debra Holub, was present.

Holub contacted a friend, Clesson Wright, and told him about the key Jana had left at Womochil's home. Wright then contacted his friend, Wisinski. According to the testimony of Wright, Wisinski came over to Womochil's home and Wright, Wisinski, and Holub discussed using Jana's key in order to "look for some stuff to take out." Wright testified that he did not have a vehicle and that he had contacted Wisinski because Wisinski did have a vehicle.

The following morning, Wright went over to the Szynskies' home and entered using the key Jana had left at Womochil's house. Wright testified that upon arriving, he removed his boots by the door so as not to track snow or slush into the house and proceeded to feed the Szynskies' cats. Wisinski then arrived and knocked on the door; Wright let Wisinski in. The two men then proceeded to take numerous items from the home, loading them first into the garage so that the items could be loaded into Wisinski's vehicle all at once.

While Wright and Wisinski were looking through the house and loading items into the garage, the telephone rang several times. Wright answered the telephone each time, told the callers that Thomas was out of town, and wrote down their telephone numbers. At trial, Wright stated that he answered the telephone at Wisinski's instructions, "You better answer that. It might be one of the neighbors." Wright also testified that Wisinski took a snowblower and removed the snow from in front of the house and from the driveway. Wisinski told Wright that he did so "[t]o make it look like we're supposed to be there, a strange car in the driveway."

Wright testified that he and Wisinski then loaded all of the items from the garage into the back of Wisinski's vehicle and took them to a friend's home in North Omaha. After unloading the items, they went to a bank. Wright testified that Wisinski had taken a checkbook from the Szynskies' home and that he and Wisinski unsuccessfully attempted to cash a check from that checkbook which they had written to "Melvin Roach." (Wisinski was later found using an identification card with the name "Melvin Roach" on it.) Wright and Wisinski then returned to the Szynskies' home and took some additional items, which they took to Wisinski's home.

The Szynskies returned home early from vacation upon the news that their house had been broken into. An investigation ensued. On February 13, 2002, Wisinski was apprehended in a red truck by police. Located in that truck were some of the items identified as stolen by the Szynskies, including a printer containing some business stationery imprinted with the name of Thomas' business.

At trial, Wisinski was found guilty of burglary and theft by unlawful taking, more than $1,500. Wisinski moved for a new trial. The trial court sentenced Wisinski to 3 to 10 years' imprisonment on each count, to be served concurrently. The trial court also denied Wisinski's motion for new trial. This appeal follows.

## III. ASSIGNMENTS OF ERROR

Wisinski alleges, renumbered and restated, that the trial court erred in (1) granting the State's request for a hearing pursuant to Neb. Evid. R. 404, Neb. Rev. Stat. § 27-404 (Reissue 1995); (2) admitting evidence of value of property over objections on foundation, hearsay, and confrontation rights grounds; (3) failing to grant Wisinski's motion to dismiss because of allegedly insufficient evidence; (4) failing to give correct jury instructions; and (5) hearing Wisinski's motion for new trial after, rather than before, sentencing.

## IV. ANALYSIS

### 1. RULE 404 HEARING

Wisinski argues that the trial court erred in granting the State's request for a rule 404 hearing. The only bases for such error that Wisinski argues in his brief are that the State failed to articulate

the purpose for which it was offering the evidence presented at the rule 404 hearing and that the court failed to properly state the purpose for which the evidence would be admitted. Wisinski's argument is without merit.

Rule 404 provides in relevant part:

(2) Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he or she acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

(3) When such evidence is admissible pursuant to this section, in criminal cases evidence of other crimes, wrongs, or acts of the accused may be offered in evidence by the prosecution if the prosecution proves to the court by clear and convincing evidence that the accused committed the crime, wrong, or act. Such proof shall first be made outside the presence of any jury.

The proponent of evidence offered pursuant to rule 404(2), upon objection to its admissibility, is required to state on the record the specific purpose or purposes for which the evidence is being offered, and the trial court is required to state on the record the purpose or purposes for which such evidence is received. *State v. Powers*, 10 Neb. App. 256, 634 N.W.2d 1 (2001) (citing *State v. Burdette*, 259 Neb. 679, 611 N.W.2d 615 (2000)). Any limiting instruction given upon receipt of such evidence should likewise identify only those specific purposes for which the evidence was received. *Id.*

However, in the case at bar, the record supports a finding that the trial judge had determined that the evidence presented by the State was not rule 404 evidence. The trial court stated at the beginning of the rule 404 hearing, "Under Rule 404, it's other crimes and so forth. Isn't this just circumstantial evidence of a crime that was committed?" The State responded, "You can certainly view it that way, Judge. We filed this in an abundance of caution because it's several days after the incident and it's a different jurisdiction as well." These statements suggest that at the outset, the trial court did not believe that the evidence to be presented was rule 404 evidence.

At the conclusion of trial, Wisinski requested a limiting jury instruction that stated in part:

> [T]he evidence that [Wisinski] may have (here insert particulars of prior similar acts) has been received only for the limited purpose of helping you to decide whether [he] had the (intent, motive, opportunity, here insert pertinent fact in issue from [rule 404]) to commit the Bur[g]lary and Theft by Unlawful taking charged. You must consider the evidence for that limited purpose and for no other.

The judge denied Wisinski's request and explained:

> Let the record show that we had a [rule] 404 hearing and I said at the time this is just a matter of circumstantial evidence, the fact that he gets in a truck and is chased and so forth. The issue there was what was found in the truck and it's just simply a matter of circumstantial evidence connecting with the burglary. That's why that [instruction] is not given.

Because the trial court appears by its statements and its actions to have determined that the evidence presented at the rule 404 hearing was not rule 404 evidence, we can only presume that that is why the court refused to grant Wisinski's request for a limiting instruction.

We find that the trial court was primarily correct in determining that the evidence Wisinski objects to was not rule 404 evidence. We find that most of the evidence presented by the State was evidence forming the factual setting of the crime and was evidence of events inextricably intertwined with the charged crime. Accordingly, the State did not need to articulate the purpose for which it was offering that evidence, and the court did not need to state the purpose for which that evidence would be admitted.

■ In *State v. Powers*, 10 Neb. App. 256, 634 N.W.2d 1 (2001) (citing *U.S. v. O'Dell*, 204 F.3d 829 (8th Cir. 2000); *U.S. v. Luna*, 94 F.3d 1156 (8th Cir. 1996); and *U.S. v. Tate*, 821 F.2d 1328 (8th Cir. 1987)), this court held that evidence of prior conduct which is inextricably intertwined with the charged crime is not considered extrinsic evidence of other crimes or bad acts and that rule 404 does not apply to evidence of the former kind. We stated that evidence of prior conduct that forms the factual setting of the crime is not rendered inadmissible by rule 404. *Powers,*

*supra* (citing *U.S. v. Phelps*, 168 F.3d 1048 (8th Cir. 1999), and *U.S. v. Williams*, 95 F.3d 723 (8th Cir. 1996)). We also said that the State is entitled to present a coherent picture of the facts of the crime charged and that evidence of prior conduct that forms an integral part of the crime charged is not rendered inadmissible under rule 404 merely because the acts are criminal in their own right but have not been charged. *Powers, supra* (citing *Williams, supra*). Finally, we stated that a court does not err in finding rule 404 inapplicable and in accepting prior conduct evidence where the evidence is of prior conduct so closely intertwined with the charged crime that the evidence completes the story or provides a total picture of the charged crime. *Powers, supra* (citing *U.S. v. Forcelle*, 86 F.3d 838 (8th Cir. 1996)).

Similarly, in *State v. Aguilar*, 264 Neb. 899, 909, 652 N.W.2d 894, 903 (2002) (citing *State v. Canbaz*, 259 Neb. 583, 611 N.W.2d 395 (2000)), the Nebraska Supreme Court stated, "Prior bad act evidence is evidence of other crimes, wrongs, or acts, *aside from the crime charged*, which tend to prove the character of a person and to show that he or she acted in conformity therewith when committing the charged crime." (Emphasis supplied.) The Nebraska Supreme Court then stated, "Bad acts that form the factual setting of the crime in issue or that form an integral part of the crime charged are not part of rule 404(2) coverage." *Aguilar*, 264 Neb. at 909, 652 N.W.2d at 903 (citing *U.S. v. Heidebur*, 122 F.3d 577 (8th Cir. 1997)).

In the case at bar, Wisinski states in the facts section of his brief that he objected to the testimony of Mark Desler, Greg Stanzel, Gary Kula, and Leland Marsh. The testimonies of Desler, Stanzel, and Kula described the apprehension of Wisinski and the contents of the red truck from which Wisinski was apprehended. The testimony of Marsh identified the red truck from which Wisinski was apprehended as a vehicle that had been stolen from Marsh. Marsh's testimony further established that the contents of the truck at the time of Wisinski's apprehension did not belong to Marsh and were consistent with the items Wisinski was charged with having stolen.

As we stated in *Powers, supra*, the State will not be prohibited from presenting a portion of its case merely because the actions of the defendant proving the State's case were

criminal in nature. The police officers' testimony in this case is foundational for establishing that Wisinski was in possession of the property which he is charged with having stolen. Marsh's testimony that the items found in the truck which were consistent with the stolen property were not his helped establish that Wisinski was apprehended in possession of the stolen property. This information is integral to the State's case that Wisinski committed the crime charged, and thus, it was not rule 404 evidence.

On the other hand, the testimony of Marsh that the truck recovered by the police had been stolen from him appears problematic at first glance. The record contains no evidence that Wisinski himself stole the truck or that Wisinski had knowledge that the truck was stolen. We note that none of the police officers ever testified that the truck had been stolen. Marsh testified that one of his red trucks from his dealership had been stolen and that the truck recovered by the police was his. Marsh did not, however, testify that Wisinski had stolen the truck or that Wisinski knew that the truck had been stolen. Since no testimony was adduced from Marsh of other bad acts committed by Wisinski, we find that this evidence was not rule 404 evidence and that the court thus did not err in refusing to treat the evidence as such.

To the extent that Marsh's testimony regarding the truck's having been stolen from his dealership could be construed as rule 404 evidence, we find that the trial court's failure to treat the evidence as such was harmless error. Even without Marsh's testimony that the truck in which Wisinski was apprehended was his truck and that the truck had been stolen, there was ample other evidence with which the jury could have found Wisinski guilty of burglary and theft by unlawful taking. Accordingly, Wisinski was not prejudiced by Marsh's testimony about his stolen truck.

Finally, we note that Wisinski's argument that the trial court failed to properly state for what purpose the alleged rule 404 evidence would be admitted is not supported by the record. The record before us does not include the order of the trial court entered after the rule 404 hearing. Wisinski's praecipe for transcript requested "any and all journal entries," but did not request that the signed order be included in the transcript. On February

20, 2003, the trial judge made a journal entry which stated in part, "Order signed. Bailiff to mail copy to counsel." In the facts section of his brief, Wisinski states that the trial judge entered an order permitting the State to use the proposed evidence, and Wisinski cites only to the February 20 journal entry. Wisinski then states, without citing to anything, "In the Order the court merely stated that the [rule] 404 Motion should be granted without any further explanation or clarification." Brief for appellant at 10.

Without a copy of the order in the record, we cannot determine whether Wisinski's statement is accurate. It is incumbent upon the party appealing to present a record which supports the errors assigned, and absent such a record, the decision of the lower court is generally affirmed. *Shuck v. Jacob*, 250 Neb. 126, 548 N.W.2d 332 (1996) (citing *State v. Dyer*, 245 Neb. 385, 513 N.W.2d 316 (1994)). Wisinski has not provided us evidence to support his assigned error. Further, the trial court's statements and actions support a finding that the court had determined that the evidence presented by the State was not rule 404 evidence. Accordingly, the trial court's decision is affirmed.

### 2. EVIDENCE OF VALUE OF PROPERTY

Wisinski assigns as error that the trial court erred in admitting evidence of value of property over objections on foundation, hearsay, and confrontation rights grounds. Wisinski does not, however, argue this in the body of his brief. Errors assigned but not argued will not be addressed on appeal. *Shipferling v. Cook*, 266 Neb. 430, 665 N.W.2d 648 (2003) (citing *Hradecky v. State*, 264 Neb. 771, 652 N.W.2d 277 (2002)). Accordingly, we do not further address this assignment of error.

### 3. SUFFICIENCY OF EVIDENCE

When reviewing a criminal conviction for sufficiency of the evidence to sustain the conviction, the relevant question for an appellate court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *State v. Leonor*, 263 Neb. 86, 638 N.W.2d 798 (2002) (citing *State v. McLemore*, 261 Neb. 452, 623 N.W.2d 315 (2001), and *State v. Rieger*, 260 Neb. 519, 618 N.W.2d 619 (2000)).

Wisinski was found guilty of burglary and theft by unlawful taking, more than $1,500. Wisinski argues specifically that there was no evidence of a breaking and entering to constitute a burglary and that there was insufficient evidence adduced as to the value of the property for the theft to amount to a felony crime. We find Wisinski's arguments to be without merit.

First, Wisinski argues that he did not break and enter because he did not obtain the key to enter the Szynskies' residence, but had arrived later, when his alleged accomplice, Wright, opened the door for him. Wisinski argues that there was no evidence of forced entry because it was an " 'inside job' " and that Jana had given her drug suppliers a key in order to pay them. Brief for appellant at 14. Wisinski is attempting to reargue his case and asks us to reweigh the evidence and testimony, which it is beyond our scope of review to do.

Viewing the evidence in the light most favorable to the prosecution, we find that there is sufficient evidence for a fact finder to have concluded that Wisinski committed burglary. Wright testified that he and Wisinski had discussed going over to the Szynskies' house to "look for some stuff to take out" the night before the theft. Wright also testified that he did not have a vehicle and had involved Wisinski because Wisinski did own a vehicle. Wright stated that the next morning, he had taken the key and gone over to the Szynskies' house, and that Wisinski had arrived shortly thereafter, with his vehicle. Wright also stated that after he let Wisinski into the house, they proceeded to take many items.

Neb. Rev. Stat. § 28-507(1) (Reissue 1995) states, "A person commits burglary if such person willfully, maliciously, and forcibly breaks and enters any real estate or any improvements erected thereon with intent to commit any felony or with intent to steal property of any value." Neb. Rev. Stat. § 28-206 (Reissue 1995) provides, "A person who aids, abets, procures, or causes another to commit any offense may be prosecuted and punished as if he were the principal offender." For a defendant to be prosecuted for aiding and abetting, mere encouragement or assistance is sufficient participation in the criminal act. *State v. Sanders*, 241 Neb. 687, 490 N.W.2d 211 (1992). Wright's testimony, viewed in the light most favorable to the prosecution, provides a sufficient basis on which to find that Wisinski assisted

Wright in committing burglary and, thus, that Wisinski is guilty as an aider and abettor. Specifically regarding the "breaking and entering" issue, Wright's testimony, viewed in the light most favorable to the prosecution, established that Wright entered the home without permission, using the key he had obtained from Holub, with the intent to commit a theft inside. This is sufficient to constitute a breaking and entering, and Wisinski assisted Wright in committing the theft. Accordingly, Wisinski's assignment of error that there was no evidence of a breaking and entering to constitute a burglary is without merit.

Wisinski also argues that insufficient evidence was adduced as to the value of the stolen property for the theft to amount to a felony crime. Wisinski states that the standard of proof for theft requires evidence of the market value of the stolen property.

In this case, the Szynskies testified as to the value of the property stolen from them. The Nebraska Supreme Court has stated, "It has long been the rule in this jurisdiction that the owner of chattels may testify as to their value in a criminal case." *State v. Holland*, 213 Neb. 170, 171, 328 N.W.2d 205, 206 (1982). Wisinski does not cite to any authority suggesting that such testimony cannot be the only evidence as to value.

The Szynskies in this case testified that the overall value of the items taken from their home was approximately $28,000. Neb. Rev. Stat. § 28-511(1) (Reissue 1995) provides, "A person is guilty of theft if he or she takes, or exercises control over, movable property of another with the intent to deprive him or her thereof." Neb. Rev. Stat. § 28-518(1) (Reissue 1995) provides, "Theft constitutes a Class III felony when the value of the thing involved is over one thousand five hundred dollars." Taking the evidence in the light most favorable to the prosecution, we find that there is ample evidence as to the value of the property for the theft to amount to a felony crime. Accordingly, Wisinski's assignment of error that there was insufficient evidence as to the value of the property taken for the theft to constitute a felony is without merit.

### 4. JURY INSTRUCTIONS

Wisinski objects to several of the jury instructions given by the trial court. Whether a jury instruction given by a trial court

is correct is a question of law. When reviewing questions of law, an appellate court has an obligation to resolve the questions independently of the conclusion reached by the trial court. *Pribil v. Koinzan*, 266 Neb. 222, 665 N.W.2d 567 (2003) (citing *Jay v. Moog Automotive*, 264 Neb. 875, 652 N.W.2d 872 (2002)).

### (a) Rule 404 Limiting Instruction

Wisinski argues that the trial court erred in refusing to instruct the jury on the limited admissibility of rule 404 evidence. Because we find that the evidence objected to by Wisinski was not rule 404 evidence, he was not entitled to a limiting instruction. Therefore, it was not error for the trial court to refuse Wisinski's request.

### (b) Specific Finding as to Value

Wisinski argues that the trial court erred in failing to instruct the jury to make a specific finding as to the value of the property stolen. Wisinski states in his brief that he was prejudiced because "[the jury's] verdict had to set a specific value on the allegedly stolen property." Brief for appellant at 16. Wisinski then states that he has met his burden of showing prejudice. However, stating that he was prejudiced is not sufficient to establish that prejudice actually occurred.

To establish reversible error from a court's refusal to give a requested instruction, an appellant has the burden to show (1) the tendered instruction is a correct statement of the law, (2) the tendered instruction is warranted by the evidence, and (3) the appellant was prejudiced by the court's refusal to give the tendered instruction. *State v. Nesbitt*, 264 Neb. 612, 650 N.W.2d 766 (2002) (citing *State v. Quintana*, 261 Neb. 38, 621 N.W.2d 121 (2001)). Wisinski has failed to establish prejudice. Accordingly, Wisinski has failed to meet his burden.

Nonetheless, despite Wisinski's failure to argue how he was prejudiced, we find that the jury instructions given without a declaration of value did not prejudice Wisinski. At trial, Wisinski requested that the trial court include a declaration of value in the jury instructions based on NJI2d Crim. 3.6 and *State v. Gartner*, 263 Neb. 153, 638 N.W.2d 849 (2002). The declaration of value jury instruction submitted by Wisinski, which mirrored NJI2d Crim. 3.6, states:

If you decided that [Wisinski] was guilty of Theft by Unlawful Taking then you must decide beyond a reasonable doubt the value of the property involved on or about January 31 to February 4, 2002 in Sarpy County, Nebraska. Once you have so decided the value, simply record the amount on the appropriate place on the verdict form. If you decide that the property involved had no value, then say so on the verdict form.

The trial court denied Wisinski's request and stated:

[T]he statute that's cited in that section also cites [§] 28-518, and that's the statutory section, and this is what I read in the statute: "In any prosecution for theft under [Neb. Rev. Stat. §§ 28-509 to 28-518 (Reissue 1995)], value shall be an essential element of the offense that must be proved beyond a reasonable doubt." That's all it says. It doesn't say they have to do that stair step.

The trial court's jury instructions mirrored NJI2d Crim. 3.6 with the exception of the declaration of value section. However, the trial court's jury instructions specifically required, as an element of the charge of theft of property, that "[t]he value of the property was over $1,500.00." The jury instructions also stated, "If you decide that the State has proven each element of the charges under consideration beyond a reasonable doubt, then you must find [Wisinski] guilty of that charge. Otherwise, you must find [Wisinski] not guilty of that charge."

In a theft prosecution, the value of the property stolen is now an essential element of the offense that must be proved beyond a reasonable doubt. *State v. Gartner, supra* (citing § 28-518(8) and *State v. Mohr*, 10 Neb. App. 442, 632 N.W.2d 382 (2001)). Section 28-518(1) states, "Theft constitutes a Class III felony when the value of the thing involved is over one thousand five hundred dollars." The trial court recognized this by including the value stated in § 28-518 as an element of the crime. The jury then found Wisinski guilty of theft by unlawful taking, more than $1,500. According to the jury instructions, the jury must have found that the prosecution proved beyond a reasonable doubt that the value of the property taken was over $1,500 in order to find Wisinski guilty of that charge. We do not find prejudice in the fact that a specific value is not determined

by a jury, so long as it finds that the prosecution proved beyond a reasonable doubt that the property's value was over $1,500.

### (c) Accomplice Testimony

Wisinski argues that the trial court committed reversible error by failing to instruct the jury that accomplice testimony was to be closely examined. Wisinski states that Wright's testimony was the only testimony that placed Wisinski at Womochil's home and at the Szynskies' home. Wisinski's argument is without merit.

A defendant is entitled to a cautionary instruction on the weight and credibility to be given to the testimony of an accomplice, and the failure to give such an instruction is reversible error. *State v. Quintana*, 261 Neb. 38, 621 N.W.2d 121 (2001). In this case, jury instruction No. 10 states, "There has been testimony from . . . Wright . . . a claimed accomplice of [Wisinski]. You should closely examine his testimony for any possible motive he might have to testify falsely." This instruction is virtually identical to the first portion of NJI2d Crim. 5.6.

The trial court's instruction No. 10 does omit the second portion of NJI2d Crim. 5.6, which states:

> [You should hesitate to convict the defendant if you decide that (here insert name) testified falsely about an important matter and that there is no other evidence to support (his, her) testimony.
>
> In any event, you should convict the defendant only if the evidence satisfies you beyond a reasonable doubt of (his, her) guilt.]

The above portion was expressly excluded by the trial court. The court gave its reasoning for excluding such language by stating:

> You'll notice the proposed jury instruction is in brackets for that latter part and that says that there's no evidence. Well, there's evidence here: testimony of the girlfriend, testimony circumstantially. It's when you don't have any evidence that the accomplice testimony is viewed in that type of a concern. I refuse to give it on that basis.

The record reflects that the State presented evidence beyond the testimony of Wright. Police officers testified about finding the reportedly stolen property in Wisinski's possession. A friend

of Wisinski testified that she had seen Wisinski in possession of property that matched the description of the stolen property. That friend also testified that Wisinski had told her that he had gotten the property from a house, that he knew someone who had a key to a house "full of stuff," and that the people who owned the house were on vacation.

■ We find convincing the trial court's reasoning that the bracketed portion of NJI2d Crim. 5.6 applies when accomplice testimony is the only evidence. In this case, other evidence did exist, and for that reason, Wisinski was not entitled to have the bracketed portion of NJI2d Crim. 5.6 included in the jury instructions.

(d) Statement Made to Law Enforcement Officer

Wisinski assigns as error the trial court's not giving a voluntariness instruction regarding the testimony of a police officer about a statement Wisinski had made to that officer. As stated above, to establish reversible error from a court's refusal to give a requested instruction, an appellant has the burden to show (1) the tendered instruction is a correct statement of the law, (2) the tendered instruction is warranted by the evidence, and (3) the appellant was prejudiced by the court's refusal to give the tendered instruction. *State v. Nesbitt*, 264 Neb. 612, 650 N.W.2d 766 (2002) (citing *State v. Quintana*, 261 Neb. 38, 621 N.W.2d 121 (2001)). Wisinski has failed to meet this burden.

In the facts section of his brief, Wisinski states that the State put on evidence of a statement Wisinski gave to an Iowa State Patrol officer. However, Wisinski does not specify in his argument how he was prejudiced by the court's refusal to give the requested instruction. Wisinski merely states that he "was prejudiced because the jury was never told by the court that [the jury] should measure any defendant's statement to law enforcement on a voluntariness scale," brief for appellant at 15-16, and that he had met his burden of showing prejudice. Again, stating that he was prejudiced is not sufficient to establish that prejudice actually occurred. Accordingly, we find that Wisinski has failed to meet his burden of proof in support of this assignment of error on appeal.

### (e) Aider and Abettor

Finally, Wisinski argues that the trial court committed reversible error by giving the jury an aider and abettor instruction, because Wisinski was never charged with aiding and abetting and because there was no evidence to support such a charge. This assignment of error is also without merit.

The common-law distinction between principal and aider and abettor has been abolished; a person who aids, abets, procures, or causes another to commit any offense may be prosecuted as if he were the principal offender. *State v. Jackson*, 258 Neb. 24, 601 N.W.2d 741 (1999) (citing § 28-206). Section 28-206 provides, "A person who aids, abets, procures, or causes another to commit any offense may be prosecuted and punished as if he were the principal offender." Accordingly, aiding and abetting are means to an end rather than ends themselves. Thus, Wisinski need not have been charged with aiding and abetting in order for the jury to receive an aiding and abetting jury instruction.

Wisinski also argues that there was no evidence to support an aiding and abetting jury instruction. This is simply incorrect. Wright testified that he and Wisinski worked together in committing this crime. It is axiomatic that the testimony of an accomplice is sufficient to support an allegation that a person aided and abetted another in the commission of a crime. This assignment of error is without merit.

### 5. MOTION FOR NEW TRIAL

Wisinski's final assignment of error is, "The trial court erred in not hearing [Wisinski's] Motion for New Trial until after it had pronounced sentence on him." We note that Wisinski does not assign as error the trial court's denial of his motion for new trial. Errors which are argued but not assigned will not be considered by an appellate court. *McLaughlin v. Hellbusch*, 256 Neb. 615, 591 N.W.2d 569 (1999) (citing *Miller v. City of Omaha*, 253 Neb. 798, 573 N.W.2d 121 (1998); *Mischke v. Mischke*, 253 Neb. 439, 571 N.W.2d 248 (1997)). Because Wisinski does not assign the trial court's denial of his motion for new trial as error and does not present any reason why that denial was in error, we see no error in the court's act of ruling on the motion for new trial after sentencing occurred. Wisinski's argument is one of mere

timing, and we find no prejudice to Wisinski due to the trial court's timing.

Furthermore, Wisinski's only stated prejudice was, "It was pointless for [Wisinski] to do anything other than submit the Motion on its face after the court sentenced him." Brief for appellant at 17. Wisinski even admits that "[m]ost of the errors alleged in his Motion are now before this Court on appeal." *Id.* at 16. As a result, we find that Wisinski suffered no prejudice from the trial court's imposing sentence prior to denying his motion for new trial.

## V. CONCLUSION

For all of the reasons discussed above, the trial court's rulings and sentences are affirmed.

AFFIRMED.