STATE OF NEBRASKA, APPELLEE, V.
CLIFFORD WISINSKI, APPELLANT.
688 N.W.2d 586

Filed November 5, 2004.    No. S-03-467.

Patrick J. Boylan, Deputy Sarpy County Public Defender, for appellant.

Jon Bruning, Attorney General, and Jeffrey J. Lux for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

MILLER-LERMAN, J.

## NATURE OF CASE

Clifford Wisinski was convicted in the district court for Sarpy County of burglary and of theft by unlawful taking of more than $1,500. Wisinski appealed to the Nebraska Court of Appeals and assigned errors regarding evidentiary rulings, sufficiency of the evidence, and jury instructions. The Court of Appeals affirmed Wisinski's convictions and sentences. *State v. Wisinski*, 12 Neb. App. 549, 680 N.W.2d 205 (2004). We granted Wisinski's petition for further review. We affirm the Court of Appeals' decision.

## STATEMENT OF FACTS

The facts of the underlying case were described in the Court of Appeals' opinion as follows:

> On January 31, 2002, Thomas Szynskie and Jana Szynskie went on vacation to Oklahoma. Jana left a key at the home of her friend, Wendy Womochil, with instructions for Womochil to care for Jana's pets while the Szynskies

were away. Womochil was not present at her home when Jana left her key, but Womochil's friend, Debra Holub, was present.

Holub contacted a friend, Clesson Wright, and told him about the key Jana had left at Womochil's home. Wright then contacted his friend, Wisinski. According to the testimony of Wright, Wisinski came over to Womochil's home and Wright, Wisinski, and Holub discussed using Jana's key in order to "look for some stuff to take out." Wright testified that he did not have a vehicle and that he had contacted Wisinski because Wisinski did have a vehicle.

The following morning, Wright went over to the Szynskies' home and entered using the key Jana had left at Womochil's house. Wright testified that upon arriving, he removed his boots by the door so as not to track snow or slush into the house and proceeded to feed the Szynskies' cats. Wisinski then arrived and knocked on the door; Wright let Wisinski in. The two men then proceeded to take numerous items from the home, loading them first into the garage so that the items could be loaded into Wisinski's vehicle all at once.

While Wright and Wisinski were looking through the house and loading items into the garage, the telephone rang several times. Wright answered the telephone each time, told the callers that Thomas was out of town, and wrote down their telephone numbers. At trial, Wright stated that he answered the telephone at Wisinski's instructions, "You better answer that. It might be one of the neighbors." Wright also testified that Wisinski took a snowblower and removed the snow from in front of the house and from the driveway. Wisinski told Wright that he did so "[t]o make it look like we're supposed to be there, a strange car in the driveway."

Wright testified that he and Wisinski then loaded all of the items from the garage into the back of Wisinski's vehicle and took them to a friend's home in North Omaha. After unloading the items, they went to a bank. Wright testified that Wisinski had taken a checkbook from the Szynskies' home and that he and Wisinski unsuccessfully attempted to cash a check from that checkbook which they had written to

"Melvin Roach." (Wisinski was later found using an identification card with the name "Melvin Roach" on it.) Wright and Wisinski then returned to the Szynskies' home and took some additional items, which they took to Wisinski's home.

The Szynskies returned home early from vacation upon the news that their house had been broken into. An investigation ensued. On February 13, 2002, Wisinski was apprehended in a red truck by police. Located in that truck were some of the items identified as stolen by the Szynskies, including a printer containing some business stationery imprinted with the name of Thomas' business.

At trial, Wisinski was found guilty of burglary and theft by unlawful taking, more than $1,500. Wisinski moved for a new trial. The trial court sentenced Wisinski to 3 to 10 years' imprisonment on each count, to be served concurrently. The trial court also denied Wisinski's motion for new trial.

*State v. Wisinski*, 12 Neb. App. 549, 553-54, 680 N.W.2d 205, 212 (2004).

Wisinski appealed to the Court of Appeals and asserted that the district court erred in (1) granting the State's request for a hearing pursuant to Neb. Evid. R. 404, Neb. Rev. Stat. § 27-404 (Reissue 1995), when the State had not articulated a proper purpose for which it offered evidence regarding the circumstances of Wisinski's apprehension; (2) admitting evidence of value of property over various objections; (3) failing to grant Wisinski's motion to dismiss because of allegedly insufficient evidence; (4) failing to give certain jury instructions; (5) giving an aiding and abetting instruction when the information charging Wisinski did not include aiding and abetting language; and (6) hearing Wisinski's motion for new trial after, rather than before, sentencing.

The Court of Appeals rejected each of Wisinski's assignments of error and concluded that (1) regarding the rule 404 assignment of error, the district court had properly determined that the evidence at issue was evidence of events inextricably intertwined with the charged crime and was not rule 404 evidence of other crimes; (2) Wisinski failed to argue his assignment of error regarding admission of evidence of value of property; (3) there was sufficient evidence to support the convictions; (4) the district court did not err in refusing the jury instructions urged by Wisinski; (5) the

evidence supported the aiding and abetting instruction, and Wisinski need not have been charged with aiding and abetting in order for the jury to receive an aiding and abetting jury instruction; and (6) Wisinski suffered no prejudice from the timing of the court's ruling on his motion for new trial. The Court of Appeals affirmed Wisinski's convictions and sentences. We granted Wisinski's petition for further review.

## ASSIGNMENTS OF ERROR

On further review, Wisinski asserts that the Court of Appeals erred in (1) affirming the district court's determination that the evidence regarding the circumstances surrounding his apprehension was not rule 404 evidence of other crimes and affirming the district court's refusal to give a limiting instruction with respect to such evidence; (2) affirming the district court's giving of an aiding and abetting instruction when the information did not contain aiding and abetting language; and (3) affirming the district court's refusal to give Wisinski's requested jury instructions regarding voluntariness of statements, determination of value of property taken, and accomplice testimony.

## STANDARDS OF REVIEW

In proceedings where the Nebraska Evidence Rules apply, the admissibility of evidence is controlled by the Nebraska Evidence Rules; judicial discretion is involved only when the rules make such discretion a factor in determining admissibility. *State v. Harris*, 263 Neb. 331, 640 N.W.2d 24 (2002). Where the Nebraska Evidence Rules commit the evidentiary question at issue to the discretion of the trial court, the admissibility of evidence is reviewed for an abuse of discretion. *Id.* The admissibility of evidence under rule 404(2), § 27-404(2), must be determined upon the facts of each case and is within the discretion of the trial court. *Id.*

Whether jury instructions given by a trial court are correct is a question of law. *State v. Mowell*, 267 Neb. 83, 672 N.W.2d 389 (2003). In an appeal based on a claim of erroneous jury instructions, the appellant has the burden to show that the questioned instructions were prejudicial or otherwise adversely affected a substantial right of the appellant. *Id.* To establish reversible error from a court's refusal to give a requested instruction, an appellant

has the burden to show that (1) the tendered instruction is a correct statement of the law, (2) the tendered instruction is warranted by the evidence, and (3) the appellant was prejudiced by the court's refusal to give the tendered instruction. *Id.*

## ANALYSIS

*Alleged Rule 404 Evidence.*

Wisinski asserts that the Court of Appeals erred in affirming the district court's determination that certain evidence was not evidence of other crimes subject to rule 404. Wisinski claims that because of such determination, the district court erred when it did not require the State to articulate a proper purpose for admitting the evidence under rule 404 and did not give the jury a limiting instruction with respect to the evidence. We conclude that the district court did not err in determining that the evidence at issue was not rule 404 evidence and that the Court of Appeals did not err in affirming such determination.

Rule 404(2) provides:

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he or she acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

Prior to trial, the State filed a motion to admit evidence under rule 404. The State sought admission of evidence it described as

[e]vidence that on or about February 12, 2002, approximately ten days after the reported burglary, [Wisinski] was apprehended by Omaha police in a vehicle. After the owner of the vehicle recovered it, he noticed in it meat in coolers and a computer printer with paper bearing the name Guaranteed Roofing. Meat and a printer were reported taken in the burglary, and Guaranteed Roofing is the name of victim's business.

The State asserted that the evidence was admissible to show proof of motive, intent, plan, and identity.

At the rule 404 hearing, the court expressed doubt whether the evidence was rule 404 evidence and asked the State whether it was "just circumstantial evidence of a crime that was committed." The State replied that the evidence could be viewed as the

court suggested but that it had filed the rule 404 motion "in an abundance of caution." At the hearing, the State presented the testimony of witnesses, including three police officers who were involved in apprehending Wisinski. They generally testified regarding the circumstances under which they apprehended Wisinski, including descriptions of the truck he was driving and its contents; however, they did not testify regarding the reason they stopped the truck nor did they say they stopped the truck because it was stolen.

The State also presented the testimony of Leland Marsh, the owner of the truck in which Wisinski was apprehended. Marsh testified that the truck had been reported stolen and that the truck had been recovered by the Omaha Police Department. He further testified that when the truck was returned to him, it was filled with various items, including meat in coolers and a computer printer with paper bearing the name "Guaranteed Roofing." Marsh testified that these items did not belong to him.

The record in the present case does not appear to contain an explicit ruling on the rule 404 motion. However, the officers and Marsh gave substantially the same testimony at trial, and the court overruled Wisinski's relevance objections to such testimony. The court also refused to give Wisinski's proposed limiting instruction regarding such evidence. The Court of Appeals stated in its opinion that the trial court appeared by its statements and actions to have determined that the evidence was not rule 404 evidence, and it reviewed the court's rulings on this basis. *State v. Wisinski*, 12 Neb. App. 549, 680 N.W.2d 205 (2004). We agree with the Court of Appeals' assessment of the record.

■ The Court of Appeals concluded that the evidence at issue was not rule 404 evidence and that the district court thus did not err in refusing to treat the evidence as such. We agree with the Court of Appeals' conclusion. The Court of Appeals cited our decision in *State v. Aguilar*, 264 Neb. 899, 909, 652 N.W.2d 894, 903 (2002), in which we stated, "Bad acts that form the factual setting of the crime in issue or that form an integral part of the crime charged are not part of rule 404(2) coverage." (Citing *U.S. v. Heidebur*, 122 F.3d 577 (8th Cir. 1997).) The Court of Appeals also cited its decision in *State v. Powers*, 10 Neb. App. 256, 634 N.W.2d 1 (2001), *disapproved on other grounds, State v. Smith*,

267 Neb. 917, 678 N.W.2d 733 (2004). In *Powers*, the Court of Appeals stated:

> Prior conduct which is inextricably intertwined with the charged crime is not considered extrinsic evidence of other crimes or bad acts and rule 404 does not apply. See, *U.S. v. O'Dell*[, 204 F.3d 829 (8th Cir. 2000)]; *U.S. v. Luna*[, 94 F.3d 1156 (8th Cir. 1996)]; *U.S. v. Tate*[, 821 F.2d 1328 (8th Cir. 1987)]. The Eighth Circuit has held: " '[W]here evidence of other crimes is "so blended or connected, with the one[s] on trial as that proof of one incidentally involves the other[s]; or explains the circumstances; or tends logically to prove any element of the crime charged," it is admissible as an integral part of the immediate context of the crime charged. When the other crimes evidence is so integrated, it is not extrinsic and therefore not governed by Rule 404(b).' " *U.S. v. Phelps*, 168 F.3d [1048,] 1057-58 [(8th Cir. 1999)], quoting *U.S. v. Swinton*, 75 F.3d 374 (8th Cir. 1996). See, also, *U.S. v. Luna, supra*; [additional citations omitted]. As such, prior conduct that forms the factual setting of the crime is not rendered inadmissible by rule 404. *U.S. v. Phelps, supra*; [additional citations omitted]. The State is entitled to present a coherent picture of the facts of the crime charged, and evidence of prior conduct that forms an integral part of the crime charged is not rendered inadmissible under rule 404 merely because the acts are criminal in their own right, but have not been charged. *U.S. v. Williams*[, 95 F.3d 723 (8th Cir. 1996)]. A court does not err in finding rule 404 inapplicable and in accepting prior conduct evidence where the prior conduct evidence is so closely intertwined with the charged crime that the evidence completes the story or provides a total picture of the charged crime. See *U.S. v. Forcelle*[, 86 F.3d 838 (8th Cir. 1996)].

10 Neb. App. at 262, 634 N.W.2d at 7-8.

Evaluating the evidence at issue in this case under these standards, the Court of Appeals noted that the police officers' testimony was foundational for establishing that Wisinski was in possession of the property he was charged with having stolen and

that Marsh's testimony that his truck had been stolen and that he did not own the items found in it when it was recovered helped establish that the property was stolen. The Court of Appeals concluded that such information was integral to the State's case and that therefore, it was not rule 404 evidence. The Court of Appeals noted that the State presented no direct evidence that Wisinski had stolen the truck and that therefore, no bad act evidence subject to rule 404 was presented. The Court of Appeals further stated that to the extent such evidence could have been construed as rule 404 evidence, its admission was harmless.

We agree with the authority cited by the Court of Appeals and with its conclusions with respect to the district court's rulings on this issue. Rule 404 was inapplicable to the evidence to which Wisinski objects. We therefore find no merit to Wisinski's assignments of error with respect to rule 404 evidence.

*Aiding and Abetting Instruction.*

Wisinski also asserts that the Court of Appeals erred in affirming the district court's decision to give an aiding and abetting instruction. Wisinski argues that the instruction was not appropriate because the information charging him with the crimes of which he was convicted did not contain aiding and abetting language and because the evidence did not support the instruction. We reject Wisinski's argument.

As the Court of Appeals correctly noted, the common-law distinction between principal and aider or abettor has been abolished. Referring to the aiding and abetting statute, Neb. Rev. Stat. § 28-206 (Reissue 1995), and our prior case law, we recently held that "notwithstanding the fact that the information charging the defendant does not contain specific aiding and abetting language, an aiding and abetting instruction is proper where warranted by the evidence." *State v. Contreras, post* p. 797, 803, 688 N.W.2d 580, 585 (2004). In the present case, we determine that the district court and thus the Court of Appeals did not err in concluding that the evidence warranted an aiding and abetting instruction. Based on our reasoning in *Contreras*, the district court did not err in giving the instruction despite the fact that the information did not contain aiding and abetting language, and the Court of Appeals did not err in affirming the giving of the instruction.

*Other Assigned Errors.*

Wisinski generally asserts on further review that the Court of Appeals erred in affirming the district court's refusal to give requested jury instructions. Wisinski argued to the Court of Appeals that the district court erred in refusing to give his proposed instructions regarding (1) a specific finding as to the value of the property stolen, (2) accomplice testimony, and (3) the voluntariness of his statements to police. Wisinski provides no additional argument with respect to these issues on further review, and we find no error in the Court of Appeals' disposition of these issues.

## CONCLUSION

We conclude that the Court of Appeals did not err in affirming the district court's determination that certain evidence was not rule 404 evidence, the district court's giving of an aiding and abetting instruction, and the district court's refusal to give other requested instructions. We therefore affirm the Court of Appeals' decision affirming Wisinski's convictions and sentences.

AFFIRMED.