STATE OF NEBRASKA, APPELLEE, V. KATHERINE KUNATH,
APPELLANT.
540 N.W.2d 587
Filed December 15, 1995. No. S-94-964.

David L. Kimble, Seward County Public Defender, for appellant.

Don Stenberg, Attorney General, and Marilyn B. Hutchinson for appellee.

WHITE, C.J., CAPORALE, FAHRNBRUCH, LANPHIER, WRIGHT, CONNOLLY, and GERRARD, JJ.

LANPHIER, J.

This appeal comes before us on petition for further review after the Nebraska Court of Appeals reversed Katherine Kunath's conviction for assault in the third degree, in violation of Neb. Rev. Stat. § 28-310(1)(b) (Reissue 1989). Kunath was convicted of third degree assault after a bench trial before the

county court for Seward County. That court held that 35-year-old Kunath had threatened one Ryan Apodac, a 13-year-old, in a menacing manner during a confrontation outside a school. The court sentenced Kunath to 20 days in county jail. The district court for Seward County affirmed the county court's conviction and sentence, and Kunath appealed to the Court of Appeals. The Court of Appeals reversed, finding the evidence insufficient to support Kunath's conviction. We granted the State's petition for further review.

## BACKGROUND

At about 5:15 p.m. on October 15, 1993, Kunath went to the Seward Middle School to pick up her son and daughter. Kunath's daughter, Tonya, was distraught over an incident with another girl. Tonya and two of her girl friends met Kunath at the curb. Arm-in-arm, Kunath and Tonya walked toward the school in order to find Kunath's son. Kunath and Tonya were accompanied by the two other girls.

Apodac, then a 13-year-old student, was outside the school waiting for his parents to pick him up after football practice. As Kunath and Tonya passed him, Apodac made an offensive joke to some other boys implying that Kunath and her daughter were "girlfriends." Tonya called Apodac a faggot, and Apodac responded, "[S]uck me."

Kunath, Tonya, and Tonya's girl friends went into the school but soon returned on their way back to their car. Apodac was sitting on a bench, and the verbal warfare resumed as the Kunath group passed by. Kunath made gestures with her bottom at Apodac, and Apodac testified that he taunted her by asking, "Is that your butt or your face?" Kunath dared Apodac to make that comment to her face, and Apodac testified that he got up, approached Kunath, and repeated the comment. Apodac and several witnesses testified that at this point, Kunath "flat-handed" Apodac's nose and tried to knee him in the groin three or four times. Kunath herself admitted that she came chest-to-chest with Apodac and stepped on his feet. Kunath said she made up-and-down motions with her legs in order to avoid stepping on Apodac's feet. The two girls accompanying Kunath and her children testified on Kunath's behalf and said

that Kunath did not touch Apodac with her hand or knee.

Apodac testified that he felt intimidated and backed away. A witness testified that Apodac appeared scared, and the witness believed that Apodac was at some risk of being injured. After the incident, Kunath gathered her children and left the schoolgrounds in her car.

On November 2, 1993, the county attorney filed a complaint and information in the county court for Seward County and alleged that Kunath had violated § 28-310(1)(b), a Class I misdemeanor. The complaint alleged that Kunath had committed third degree assault by "intentionally, knowingly, or recklessly caus[ing] bodily injury to another person, or threaten[ing] another person in a menacing manner, to-wit: Ryan Apodac."

Kunath waived a jury trial. On April 11, 1994, a trial was conducted before the bench, and Kunath was found guilty of third degree assault.

A presentence evaluation was ordered, and that evaluation indicated that Kunath had one prior conviction of assault and three prior convictions of disturbing the peace, amended from assault. Sentencing was conducted on May 31. The county court deemed Apodac's behavior to be extremely impolite and irritating, but noted Kunath's refusal to accept responsibility and her lack of remorse. The court noted Kunath's prior criminal convictions. The county court sentenced Kunath to 20 days in jail plus costs.

On June 3, Kunath filed a notice that she intended to appeal her case to the district court for Seward County. For her statement of errors, Kunath alleged that the county court had erred in finding her guilty of third degree assault and by imposing an excessive sentence. On September 12, the district court held that competent, admissible evidence on the record sustained the county court's finding that Kunath was guilty of third degree assault. The district court further held that the sentence was within the statutory penalties provided for the offense and was not an abuse of discretion. Therefore, the district court affirmed the judgment of conviction and sentence of the county court in all respects.

Kunath timely perfected an appeal to the Court of Appeals.

That court, in *State v. Kunath*, 95 NCA No. 19, case No. A-94-964 (not designated for permanent publication), dated May 9, 1995, held that the evidence was insufficient to support Kunath's conviction and reversed Kunath's conviction and sentence.

We granted the State's petition for further review.

## ASSIGNMENTS OF ERROR

In its petition for further review, the State asserts that the Court of Appeals erred by interpreting § 28-310(1)(b) as requiring that threatening conduct be accompanied by threatening words in order to find a person guilty of threatening another in a menacing manner in violation of that statute.

In her appeals to the lower courts, Kunath asserted (1) that the county court made an error on the record in finding beyond a reasonable doubt that she had threatened the victim in a menacing manner, (2) that the county court abused its discretion in imposing a sentence which was excessive and disproportionate to the severity of the offense when considered in light of her background and age, and (3) that the district court erred in affirming the conviction and sentence imposed by the county court.

## STANDARD OF REVIEW

In determining whether evidence is sufficient to sustain a conviction in a bench trial, an appellate court does not resolve conflicts in evidence, pass on credibility of witnesses, evaluate explanations, or reweigh evidence presented, which are within a fact finder's province for disposition. *State v. Masters*, 246 Neb. 1018, 524 N.W.2d 342 (1994); *State v. Secret*, 246 Neb. 1002, 524 N.W.2d 551 (1994); *State v. Hand*, 244 Neb. 437, 507 N.W.2d 285 (1993).

In a bench trial of a criminal case, the trial court's findings have the effect of a verdict and will not be set aside unless clearly erroneous. *State v. Masters, supra*; *State v. Secret, supra*; *State v. Hand, supra*.

A sentence imposed within statutory limits will not be disturbed on appeal absent an abuse of discretion by the trial court. *State v. Cisneros, ante* p. 372, 535 N.W.2d 703 (1995); *State v. Derry, ante* p. 260, 534 N.W.2d 302 (1995); *State v.*

*Groff*, 247 Neb. 586, 529 N.W.2d 50 (1995).

## ANALYSIS

Section 28-310(1)(b) provides that a person commits the offense of assault in the third degree if he threatens another in a menacing manner.

We have previously reviewed the type of conduct proscribed by § 28-310(1)(b) by examining the meaning of the words "assault," "threaten," and "menacing." See *In re Interest of Siebert*, 223 Neb. 454, 390 N.W.2d 522 (1986). A criminal "assault" includes the intentional doing of an act which places another person in reasonable apprehension of receiving bodily injury. To "threaten" is commonly understood to mean promising punishment, reprisal, or distress. The meaning of "menacing" includes the showing of an intention to do harm. *Id.*

"Thus, § 28-310(1)(b) renders unlawful a promise to do another person bodily harm which is made in such a manner as to intentionally cause a reasonable person in the position of the one threatened to suffer apprehension of being so harmed." 223 Neb. at 456, 390 N.W.2d at 524.

In her brief, Kunath argued to the Court of Appeals that her actions were not "menacing" to Apodac as that term is used in § 28-310(1)(b) because she did not make a "threatening" statement of intent to harm Apodac. The Court of Appeals agreed with Kunath's argument and reversed her conviction because the evidence failed to establish a threatening statement or any promise to do bodily harm or to establish circumstances such as were present in *In re Interest of Siebert, supra.*

In *In re Interest of Siebert*, the juvenile had directed a karate kick toward the complainant and had also stated that he would hurt him if the complainant did not return the juvenile's companion's bicycle. We stated that the juvenile's conduct (the karate kick) and his threatening statements fulfilled the requirement of § 28-310(1)(b) that the threat be made with the intention that a reasonable person be placed in apprehension of bodily harm.

The intent with which an act is committed may be inferred from the words and acts of the defendant and from the

circumstances surrounding the incident. See *State v. One 1985 Mercedes 190D Automobile*, 247 Neb. 335, 526 N.W.2d 657 (1995). *In re Interest of Siebert* does not require that the promise to do another harm must be a verbal promise in order to constitute assault in the third degree. Such intent can be inferred from words or acts and the circumstances surrounding the incident.

In this case, there is plenty of evidence that verbal abuse was flung back and forth between Kunath and Apodac, but no specific evidence that Kunath verbally promised to inflict bodily harm upon the youth. However, there is more than sufficient evidence to support the finder of fact's conclusion that Kunath threatened Apodac in a menacing manner. Threatening words are not needed to reinforce a promise to do harm when one attempts to use her knees and places her hands upon the body of another.

We now turn to Kunath's assignment of error that her sentence was excessive. Assault in the third degree is a Class I misdemeanor and is punishable by up to 1 year's imprisonment, a $1,000 fine, or both. Kunath was sentenced to 20 days in the county jail and was assessed court costs. Her sentence was well within the statutory limits.

In considering a sentence, the sentencing court is not limited in its discretion to any mathematically applied set of factors. The appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observation of the defendant's demeanor and attitude and all of the facts and circumstances surrounding the defendant's life. *State v. Reichert*, 242 Neb. 33, 492 N.W.2d 874 (1992).

The county court noted Kunath's lack of remorse, her denials that she ever kicked or hit the victim, her assertion that the court was biased, and her prior convictions. Kunath's criminal record includes a previous conviction for assault in the third degree, for which she was sentenced to 1 year's probation and $686.25 in restitution. The record also reflects three convictions for disturbing the peace, amended from assault. The factors considered by the county court were proper and did not constitute an abuse of discretion.

.

## CONCLUSION

The judgment of the Court of Appeals reversing Kunath's conviction and sentence is reversed, and the cause is remanded with directions to affirm the judgments of the district court and county court.

REVERSED AND REMANDED WITH DIRECTIONS.