BUNKERHILL FARMS, INC., A NEBRASKA CORPORATION,
APPELLANT, V. JERED STERR ET AL., APPELLEES.
687 N.W.2d 913
Filed October 26, 2004.    No. A-03-195.

Marc J. Odgaard, of Parker, Grossart, Bahensky & Beucke, and, on brief, Charles D. Brewster, of Brewster Law Offices, for appellant.

Arthur R. Langvardt, of Langvardt & Valle, P.C., for appellees.

INBODY, Chief Judge, and SIEVERS and CARLSON, Judges.

CARLSON, Judge.

## INTRODUCTION

Bunkerhill Farms, Inc. (Bunkerhill), appeals from an order of the district court for Phelps County sustaining the motion for summary judgment filed by Dennis Moon and Annette Moon, Lynn Flaherty and Linda Flaherty, Ron Sterr and Mary Sterr, and Mike Soneson and Shelley Brenn (the parents) and dismissing Bunkerhill's action against them. On appeal, Bunkerhill alleges that the court erred in sustaining the parents' motion for summary judgment, given that a material issue of fact exists as to whether the parents' unemancipated minor children intended to

destroy Bunkerhill's property. For the reasons set forth below, we reverse, and remand for further proceedings.

## BACKGROUND

On November 25, 2000, Bunkerhill operated a feedlot in rural Phelps County, engaged in the commercial feeding of cattle. Bunkerhill alleges that on that same date, Jered Sterr, Dan Flaherty, Jed Moon, and Brent Soneson, all unemancipated minors, went to the Bunkerhill feedlot and opened the gates to Bunkerhill's feedlot pens. After the gates were open, the minors left and 633 of Bunkerhill's cattle wandered out of the open pens.

In an amended petition, Bunkerhill alleged that each of the minors willfully and intentionally destroyed its property. Bunkerhill named both the minors and the parents as defendants. Bunkerhill alleged damages of $1,063.92 for the death of one steer, $400 in labor costs to round up and sort the cattle back to their correct pens, and $29,368.94 for shrinkage loss to the cattle due to stress and time off feed.

On August 2, 2002, the parents filed a motion for summary judgment, stating that there were no disputed issues of material fact as to Bunkerhill's action against them.

On September 6, 2002, and January 29, 2003, hearings were held on the parents' motion for summary judgment. At those hearings, each minor entered into evidence his own affidavit. In Dan's affidavit, he stated that on November 18, 2000, he was driving his vehicle "around in the country" with Jered, Jed, and Brent riding along and that they came to Bunkerhill's cattle pens. Dan stated that he and the other minors decided to open the cattle pens and that the other minors then got out of the vehicle and opened the pens, while he remained in the vehicle. Dan stated that the other minors then got back into the vehicle and that when he and the other minors left, the gates were open, but no cattle had left the pens. Dan further stated, "I did not believe any harm would come to the cattle or their owner, other than the need to round up any cattle which left." The affidavits offered by the other minors attested to the same facts, but instead of stating that the gates to Bunkerhill's cattle pens were opened on November 18, Jered, Jed, and Brent each stated that they opened the gates on December 18.

In subsequent orders, the court sustained the parents' motion for summary judgment, stating that no genuine issue of material fact exists, because the evidence shows that the minors did not intend to destroy Bunkerhill's property. Bunkerhill appeals.

## ASSIGNMENT OF ERROR

On appeal, Bunkerhill argues that the court erred in finding that there was no genuine issue of material fact in regard to whether the minors involved had the intent to destroy Bunkerhill's property at the time that they opened the gates of the cattle pens.

## STANDARD OF REVIEW

Summary judgment is proper when the pleadings and evidence admitted at the hearing disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *Keys v. Guthmann*, 267 Neb. 649, 676 N.W.2d 354 (2004). In reviewing a summary judgment, an appellate court views the evidence in a light most favorable to the party against whom the judgment is granted and gives such party the benefit of all reasonable inferences deducible from the evidence. *Id.*

## ANALYSIS

In the instant case, Bunkerhill's action against the minors and the parents is based on Neb. Rev. Stat. § 43-801 (Reissue 1998), which states:

> The parents shall be jointly and severally liable for the willful and intentional infliction of personal injury to any person or destruction of real and personal property occasioned by their minor or unemancipated children residing with them, or placed by them under the care of other persons; *Provided*, that in the event of personal injuries willfully and intentionally inflicted by such child or children, damages shall be recoverable only to the extent of hospital and medical expenses incurred but not to exceed the sum of one thousand dollars for each occurrence.

On appeal, Bunkerhill contends that the court erred in finding that the minors in question did not have the intent to destroy Bunkerhill's property by virtue of their willful and intentional

actions. The trial court found that there was no genuine issue of material fact regarding whether the minors had the intent to destroy Bunkerhill's property. The trial court based its decision on the minors' affidavits. The affidavits of Jered, Jed, and Brent each stated, "We drove out into the country and came to the Bunkerhill . . . cattle pens." Those minors further stated, "We decided to open some of the pens. . . . When we left, the gates were open but all the cattle were still standing in their pens. I did not believe any harm would come to the cattle or their owner, other than the need to round up the cattle."

The intent with which an act is committed may be inferred from the words and acts of the defendant and from the circumstances surrounding the incident. *State v. Parks*, 253 Neb. 939, 573 N.W.2d 453 (1998); *State v. Kunath*, 248 Neb. 1010, 540 N.W.2d 587 (1995). Whether a defendant possesses the requisite state of mind is a question of fact and may be proved by circumstantial evidence. *State v. Curlile*, 11 Neb. App. 52, 642 N.W.2d 517 (2002).

The above law would indicate that the court's granting of summary judgment in favor of the parents was in error. The minors' statements alone do not justify the conclusion that a genuine issue of material fact no longer exists. Even though the minors stated that they did not believe Bunkerhill's property would be harmed, those statements alone are only one piece of evidence that the trier of fact would consider in deciding the minors' intent.

A prima facie case for summary judgment is shown by producing enough evidence to demonstrate that the movant is entitled to a judgment in its favor if the evidence were uncontroverted at trial. *Keys v. Guthmann*, 267 Neb. 649, 676 N.W.2d 354 (2004). In the instant case, the parents failed to produce sufficient evidence to show that they would be entitled to a judgment in their favor if the evidence were uncontroverted at trial.

Additionally, we note that in the minors' affidavits, none of the minors are referring to any actions they took on November 25, 2002, the date Bunkerhill alleges that the minors damaged its property. Rather, one of the minors' affidavits refers to November 18, while the affidavits of the other three refer to December 18. Clearly, what the minors may have done on November 18 and

December 18 is irrelevant to the minors' alleged actions on November 25, the relevant date.

Reviewing the evidence in a light most favorable to Bunkerhill, the party against whom the judgment is granted, and giving such party the benefit of all reasonable inferences deducible from the evidence, we conclude that the court erred in granting summary judgment in favor of the parents.

## CONCLUSION

After reviewing the record, we conclude that the court erred in sustaining the parents' motion for summary judgment and dismissing the parents from the suit, because a genuine issue as to the minors' intent still exists. Therefore we reverse, and remand for further proceedings.

REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.