STATE OF NEBRASKA, APPELLEE, V.
HUSSAIN AL-SAYAGH, APPELLANT.
689 N.W.2d 587

Filed December 10, 2004.    No. S-03-906.

James Martin Davis, of Davis & Finley Law Offices, for appellant.

Jon Bruning, Attorney General, and Kimberly A. Klein for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

McCORMACK, J.

## NATURE OF CASE

Hussain Al-Sayagh (Hussain) appeals from his convictions on one count of second degree assault, one count of terroristic threats, one count of first degree false imprisonment, and three counts of use of a weapon to commit a felony. He was sentenced to imprisonment on each of the six counts, to be served consecutively, for a total commitment of 18 years 8 months to 30 years.

## BACKGROUND

Hussain is the father of Amar Al-Sayagh (Amar). Amar is married to the daughter of Fadhilah Al-Rubaiai (Fadhilah). Circumstances surrounding the marriage had produced a strained relationship between the two families, and on December 11, 2000, Hussain and Amar called Fadhilah and proposed that they attempt a reconciliation of their dispute.

The reconciliation took place 2 days later at Amar's automobile shop. Fadhilah was accompanied by a mutual friend of both families, Safadin Al-Batat (Safadin), who was to act as a neutral third party during the reconciliation. Hussain and Amar were present at the automobile shop when Fadhilah and Safadin arrived. The four of them went into the office portion of the shop to talk, during which time, Hussain was apologetic and spoke kindly to Fadhilah. After less than an hour, Hussain went into the garage portion of the shop and beckoned Safadin to join him. Convinced that the dispute had been settled, Safadin said that he was going to go home, after first dropping Fadhilah off at her house. However, Hussain offered to take Fadhilah home himself, so Safadin left.

After Safadin left the shop, Hussain asked Fadhilah to join him in the garage portion of the shop. She sat down on a chair in the middle of the garage, as did Hussain, while Amar stood near the doorway to the office. At that point, Fadhilah testified that "the looks on their faces changed." Amar approached Fadhilah, and Hussain walked toward a microwave oven near the doorway. Hussain pulled a knife and pair of gloves out of the microwave as Amar grabbed Fadhilah's mouth and neck. Hussain began insulting Fadhilah as he approached her and cut her dress with the knife.

Fadhilah was able to push Hussain away from her with her leg, but Hussain came back at her again and cut her arm, causing her to "[bleed] all over." Fadhilah fell to the ground, and the two men dragged her into a corner of the garage. With Amar choking her, Fadhilah testified that Hussain took off some of her clothes, took a number of photographs as the assault occurred, and attempted to tear off some duct tape. Fadhilah was able to free herself from Amar's grasp and escape from the automobile shop.

Hussain was originally charged by information on February 23, 2001, with just three counts, each of them felonies: second degree assault, terroristic threats, and first degree false imprisonment. His case was set for trial during the December 3 jury term. However, on November 15, the State filed a motion seeking leave to file an amended information adding three counts of use of a weapon to commit a felony. The district court denied the State's motion. In response, the State filed a motion to dismiss. On November 30, the court granted the motion and dismissed, without prejudice, the information against Hussain.

On December 28, 2001, the State filed a new information against Hussain, charging him with second degree assault (count I), terroristic threats (count III), first degree false imprisonment (count V), and three counts of use of a weapon to commit a felony (counts II, IV, and VI). Hussain filed a motion to quash, arguing that the newly filed six-count information circumvented the district court's prior ruling denying the State leave to amend the original three-count information. Despite the court's "disapprov[al] of the state's end run around" the court's earlier ruling, the court determined that the State had the authority to refile an information against a defendant with additional charges and thus denied Hussain's motion to quash.

The case proceeded to a jury trial in May 2003. Hussain requested, among other things, that the jury be instructed on second degree false imprisonment as a lesser-included offense of first degree false imprisonment. The court declined to do so. The jury found Hussain guilty on all counts. He was sentenced to prison for a period of 3 to 5 years on count I, 3 to 5 years on count II, 20 months to 5 years on count III, 3 to 5 years on count IV, not less than 5 years nor more than 5 years on count V, and 3 to 5 years on count VI. The court ordered Hussain to serve the sentences on

each of the six counts consecutively to each other. Hussain filed this appeal, and we moved the case to our docket.

## ASSIGNMENTS OF ERROR

Hussain claims the district court erred in (1) denying his motion to quash, (2) failing to instruct upon second degree false imprisonment as a lesser-included offense of first degree false imprisonment, and (3) convicting him on three counts of use of a weapon to commit a felony when only one weapon was involved in a single incident or, alternatively, sentencing him to three consecutive terms of incarceration for the use of a weapon to commit a felony when only one weapon was involved in a single incident.

## STANDARD OF REVIEW

■ Regarding questions of law presented by a motion to quash, an appellate court is obligated to reach a conclusion independent of the determinations reached by the trial court. *State v. Brouillette*, 265 Neb. 214, 655 N.W.2d 876 (2003).

■ Whether jury instructions given by a trial court are correct is a question of law. *State v. Smith*, 267 Neb. 917, 678 N.W.2d 733 (2004). When dispositive issues on appeal present questions of law, an appellate court has an obligation to reach an independent conclusion irrespective of the decision of the court below. *Id.*

## ANALYSIS

### MOTION TO QUASH

In his first assignment of error, Hussain argues that the district court erred in denying his motion to quash. A three-count information was originally filed against Hussain, but the State later sought to amend the information by adding a count of use of a weapon to commit a felony for each of the three charges. When the State was denied an opportunity to amend, it successfully moved to dismiss the original information and then filed a six-count information against Hussain. He now argues that his motion to quash should have been granted because the operative six-count information filed against him improperly circumvented the earlier court order denying the State leave to amend the initial three-count information.

In support of his argument, Hussain cites to a line of cases from Indiana, beginning with *Davenport v. State*, 689 N.E.2d

1226 (Ind. 1997). There, the defendant was originally charged with murder. Four days before trial, the state sought to amend the information by adding charges for felony murder, attempted robbery, and automobile theft. The state's motion to amend was denied, so the state dismissed the murder charge, refiled it along with the three additional charges, and transferred the case to a different court.

On appeal, the Indiana Supreme Court recognized that the dismissal of an information is not necessarily a bar to refiling, but that the state may not refile if doing so would "prejudice the substantial rights of the defendant." *Id.* at 1229. The court further explained that a defendant's substantial rights are not prejudiced in situations where a "defendant can receive a fair trial on the same facts and employ the same defense in the second trial as in the first." *Id.* Concluding that this was not the case on the facts presented, the court held that the defendant's substantial rights had been prejudiced and reversed the convictions on the subsequently added charges.

A similar issue was presented in *Johnson v. State*, 740 N.E.2d 118 (Ind. 2001). There, the defendant was charged with sexual misconduct. When the trial court ruled that certain evidence offered by the state should be excluded, the state dismissed the charge and then refiled it, along with 10 additional charges. The Indiana Supreme Court relied heavily on its decision in *Davenport v. State, supra,* when it reversed the trial court's denial of the defendant's motion to dismiss. The court stated that the dispositive fact in *Davenport* was "an abuse of prosecutorial discretion in circumventing a court order and prejudicing the defendant's substantial rights." *Johnson v. State*, 740 N.E.2d at 120. See, also, *State v. Klein*, 702 N.E.2d 771 (Ind. App. 1998).

Although Hussain urges us to follow these Indiana cases, we decline to do so because of an important distinction between Indiana and Nebraska law. In Indiana, a trial court has no discretion to deny a motion to dismiss criminal charges made before sentencing. *Joyner v. State*, 678 N.E.2d 386 (Ind. 1997). However, in Nebraska, we have interpreted Neb. Rev. Stat. § 29-1606 (Reissue 1995) to require approval of the court to dismiss an information. *State v. Sanchell*, 191 Neb. 505, 216 N.W.2d 504 (1974), *modified on other grounds* 192 Neb. 380, 220 N.W.2d 562. Thus, an Indiana

trial court cannot prevent the state from using the tactics utilized in *Davenport v. State, supra,* and its progeny, but a Nebraska trial court can do so by denying the State's motion to dismiss and requiring the State to proceed on the original charges. The district court in this case agreed to dismiss the original charges without prejudice. Once that occurred, the State was free to file a new information against Hussain that included additional charges. This assignment of error is without merit.

### LESSER-INCLUDED OFFENSE

In Hussain's next assignment of error, he argues that the district court erred in failing to instruct the jury upon second degree false imprisonment as a lesser-included offense of first degree false imprisonment. A court must instruct on a lesser-included offense if (1) the elements of the lesser offense for which an instruction is requested are such that one cannot commit the greater offense without simultaneously committing the lesser offense and (2) the evidence produces a rational basis for acquitting the defendant of the greater offense and convicting the defendant of the lesser offense. *State v. Smith,* 267 Neb. 917, 678 N.W.2d 733 (2004); *State v. Williams,* 243 Neb. 959, 503 N.W.2d 561 (1993).

The State argues, and we agree, that the evidence does not produce a rational basis for acquitting Hussain of first degree false imprisonment and convicting him of second degree false imprisonment. Fadhilah testified that while in the garage, Amar grabbed her mouth and neck and held her while Hussain approached with a knife. Her arm and dress were cut by Hussain before she was dragged into another portion of the garage and choked. The evidence does not support a rational basis for submitting an instruction for the lesser-included offense. Accordingly, the district court correctly concluded that Hussain was not entitled to an instruction on second degree false imprisonment.

### MULTIPLE COUNTS OF USE OF WEAPON
### TO COMMIT FELONY

Finally, Hussain argues that the district court erred in allowing him to be convicted and sentenced on three counts of use of a weapon to commit a felony rather than just one when only one weapon was used in a single incident.

■ Whether a particular course of conduct involves one or more distinct offenses under a statute depends on how a legislature has defined the allowable unit of prosecution. *State v. Mather*, 264 Neb. 182, 646 N.W.2d 605 (2002). The Legislature has defined the crime of use of a weapon to commit a felony as follows:

> Any person who uses a firearm, a knife, brass or iron knuckles, or any other deadly weapon to commit any felony which may be prosecuted in a court of this state or who unlawfully possesses a firearm, a knife, brass or iron knuckles, or any other deadly weapon during the commission of any felony which may be prosecuted in a court of this state commits the offense of using a deadly weapon to commit a felony.

Neb. Rev. Stat. § 28-1205(1) (Reissue 1995). Thus, the statute concentrates on the use of "a" weapon to commit "any felony."

■ The information filed against Hussain charged him with three different felonies. However, Hussain failed to argue in his motion to quash that it was improper for the State to charge him with three counts of use of a weapon to commit a felony for each of the three felonies charged. We have held that objections to the form or content of an information should be raised by a motion to quash. *State v. Meers*, 257 Neb. 398, 598 N.W.2d 435 (1999). Hussain's failure to present this issue to the district court in his motion to quash prevents us from considering it on appeal. See *State v. Keup*, 265 Neb. 96, 655 N.W.2d 25 (2003) (appellate court will not consider issue on appeal that was not presented to or passed upon by trial court).

Hussain also contends, in the alternative, that the district court erred in sentencing him to three consecutive terms of incarceration for his violations of § 28-1205. This argument is without merit. Section 28-1205(3) plainly provides that sentences imposed for violations of § 28-1205 shall be consecutive to any other sentence imposed. Because the district court did not err in convicting Hussain on three counts of use of a weapon to commit a felony, there was no error in sentencing him to consecutive terms of imprisonment for each of those convictions.

## CONCLUSION

The district court did not err in denying Hussain's motion to quash or in refusing his instruction on second degree false

imprisonment as a lesser-included offense of first degree false imprisonment. Finally, Hussain failed to preserve his argument that he could not be convicted of multiple counts of use of a weapon to commit a felony, and his consecutive sentences on those counts were not erroneous. Accordingly, we affirm.

AFFIRMED.