IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. HICKS

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

CHRIS A. HICKS, APPELLANT.

Filed August 3, 2021.    No. A-20-732.

Appeal from the District Court for Douglas County: KIMBERLY MILLER PANKONIN, Judge. Affirmed.

Chris A. Hicks, pro se.

Douglas J. Peterson, Attorney General, and Erin E. Tangeman for appellee.

PIRTLE, Chief Judge, and MOORE and BISHOP, Judges.

PIRTLE, Chief Judge.

## I. INTRODUCTION

Chris A. Hicks appeals from the order of the district court for Douglas County denying his motion for postconviction relief without an evidentiary hearing. Based on the reasons that follow, we affirm.

## II. BACKGROUND

In 2017, Hicks was involved in a "controlled buy" in which he exchanged a quantity of marijuana for two pistols of different calibers. The transaction was videotaped by law enforcement. The State subsequently filed a 13-count information in the district court. Hicks was initially represented by counsel, but he later waived his right to counsel and entered into a plea agreement with the State.

- 1 -

At the plea hearing, Hicks pleaded no contest to two counts of possession of a deadly weapon by a prohibited person, with each count relating to one of the two pistols Hicks received during the controlled buy. The State dismissed the remaining 11 counts.

Before accepting Hicks' pleas, the district court advised him that he was giving up certain constitutional rights by entering a plea, which included his right to a jury trial, his right to confront witnesses against him and to subpoena witnesses on his behalf, as well as his privilege against self-incrimination. The court advised Hicks that he had the right to be represented by an attorney at all stages of the criminal proceeding. The court additionally confirmed that Hicks believed entering a plea was in his best interests and that he had reviewed the evidence against him with his prior counsel. After hearing the State's factual basis, the district court found beyond a reasonable doubt that Hicks understood the nature of the charges against him and that his pleas were made freely, knowingly, intelligently, and voluntarily. The court accepted Hicks' pleas and found him guilty on both counts. The court ordered a presentence investigation report and scheduled sentencing.

Subsequently, the district court sentenced Hicks to 20 to 24 years' imprisonment on each count. The two sentences were to run consecutively, and Hicks was given 536 days of credit for time served.

On direct appeal, Hicks was represented by different counsel than he had been at the trial stage. Hicks' sole assignment of error on direct appeal was that the district court had abused its discretion by imposing excessive sentences. This court summarily affirmed the district court's judgment, and the Nebraska Supreme Court denied Hicks' petition for further review. This court issued its mandate on July 26, 2019.

Hicks timely filed a verified "Motion to Vacate and Set Aside Conviction and Sentence" pursuant to the Nebraska Postconviction Act, Neb. Rev. Stat. § 29-3001 et seq. (Reissue 2016). Restated and consolidated, Hicks alleged that (1) his plea had not been knowingly and understandingly made, (2) the State's factual basis was insufficient to support his convictions, (3) his plea was illegal under the "multiplicity doctrine," (4) he had received ineffective assistance of trial counsel in three respects, (5) he had received ineffective assistance of appellate counsel in four respects, and (6) the district court violated his Sixth Amendment right of self-representation.

The district court entered an order directing the State to file a response to Hicks' postconviction motion within 90 days. Before the State filed its response, Hicks filed an amended postconviction motion, which reasserted the same grounds as his original motion and additionally alleged that (1) the district court had erred in imposing consecutive sentences and (2) appellate counsel had been ineffective for failing to raise that issue on direct appeal. The State subsequently filed its response to Hicks' original motion for postconviction relief, which did not explicitly address these two additional arguments.

The district court issued a written opinion and order denying an evidentiary hearing and denying both Hicks' motion and amended motion for postconviction relief. The court first found that all of Hicks' claims regarding the invalidity of his pleas and sentences, ineffective assistance of trial counsel, and the court's alleged violation of Hicks' sixth amendment rights were procedurally barred. The district court found that no evidentiary hearing was warranted on Hicks' claims of ineffective assistance of appellate counsel because "such arguments would have . . . no

merit on appeal" because Hicks failed to "set forth facts or law establishing inclusion of such issues would have 'changed the result of the appeal.'"

Hicks now timely appeals the order of the district court.

## III. ASSIGNMENTS OF ERROR

Hicks assigns that the district court erred in denying his motion for postconviction relief without an evidentiary hearing.

## IV. STANDARD OF REVIEW

In appeals from postconviction proceedings, an appellate court reviews de novo a determination that the defendant failed to allege sufficient facts to demonstrate a violation of his or her constitutional rights or that the record and files affirmatively show that the defendant is entitled to no relief. *State v. Parnell*, 305 Neb. 932, 943 N.W.2d 678 (2020). Whether a claim raised in a postconviction proceeding is procedurally barred is a question of law which is reviewed independently of the lower court's ruling. *Id.*

## V. ANALYSIS

### 1. Procedurally Barred Claims

In its order denying an evidentiary hearing, the district court held that several of Hicks' postconviction claims were procedurally barred. These findings applied to Hicks' claims relating to the invalidity of his pleas and his allegations of ineffective assistance of trial counsel.

In determining whether a motion for postconviction relief contains factual allegations that, if proved, constitute an infringement of the movant's constitutional rights and whether the records and files affirmatively show the defendant is entitled to no relief, we consider whether the allegations are procedurally barred. *State v. Stelly*, 308 Neb. 636, 955 N.W.2d 729 (2021). A motion for postconviction relief cannot be used as a substitute for an appeal or to secure a further review of issues already litigated on direct appeal or which were known to the defendant and counsel at the time of the trial and which were capable of being raised, but were not raised, in the defendant's direct appeal. *Id.*

Because any alleged errors with respect to the validity of Hicks' pleas and the performance of Hicks' trial counsel could have been raised on direct appeal, they are procedurally barred. The district court did not err in denying these claims without an evidentiary hearing.

### 2. Ineffective Assistance of Appellate Counsel

The sole argument contained within Hicks' postconviction motion that is not procedurally barred is his allegation that he received ineffective assistance of appellate counsel. Hicks alleged that his appellate counsel provided ineffective assistance in several respects, and we address each claim separately below after outlining the relevant law.

### (a) Legal Framework

Under the Nebraska Postconviction Act, a prisoner in custody may file a motion for relief on the ground that there was a denial or infringement of the prisoner's constitutional rights that would render the judgment void or voidable. *State v. Parnell, supra*. Postconviction relief is a very

narrow category of relief. *Id.* A motion for postconviction relief cannot be used to secure review of issues which were or could have been litigated on direct appeal. *Id.*

In a postconviction proceeding, an evidentiary hearing is not required when (1) the motion does not contain factual allegations which, if proved, constitute an infringement of the movant's constitutional rights, rendering the judgment void or voidable; (2) the motion alleges only conclusions of fact or law without supporting facts; or (3) the records and files affirmatively show that the defendant is entitled to no relief. *Id.* In a motion for postconviction relief, the defendant must allege facts which, if proved, constitute a denial or violation of his or her rights under the U.S. or Nebraska Constitution. *State v. Parnell, supra*. In the absence of alleged facts that would render the judgment void or voidable, the proper course is to overrule a motion for postconviction relief without an evidentiary hearing. *Id.*

In the instant case, Hicks was represented by different counsel on direct appeal than at trial. Ordinarily, when defendant's trial counsel is different from his or her counsel on direct appeal, the defendant must raise on direct appeal any issue of trial counsel's ineffective performance which is known to the defendant or is apparent from the record. *State v. Parnell*, 305 Neb. 932, 943 N.W.2d 678 (2020). Otherwise, the issue will be procedurally barred. *Id.* A claim of ineffective assistance of appellate counsel which could not have been raised on direct appeal may be raised on postconviction review. *Id.*

A proper ineffective assistance of counsel claim alleges a violation of the fundamental constitutional right to a fair trial. *Id.* To prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the defendant must show that his or her counsel's performance was deficient and that this deficient performance actually prejudiced the defendant's defense. *State v. Parnell, supra*. To show that counsel's performance was deficient, a defendant must show that counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law. *State v. Anderson*, 305 Neb. 978, 943 N.W.2d 690 (2020). To show prejudice, the defendant must demonstrate a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different. *Id.* A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.* When a conviction is based upon a plea of no contest, the prejudice requirement for an ineffective assistance of counsel claim is satisfied if the defendant shows a reasonable probability that but for the errors of counsel, the defendant would have insisted on going to trial rather than pleading no contest. *Id.*

In his postconviction motion, Hicks alleged that he had received ineffective assistance of appellate counsel when counsel failed to (1) raise the issue of ineffective assistance of trial counsel on direct appeal, (2) inform him of the full range of potential challenges to his convictions on direct appeal, (3) raise the "multiplicity doctrine" on direct appeal, and (4) raise the sufficiency of the State's factual basis to sustain Hicks' convictions. Hicks' amended motion for postconviction relief additionally alleged that his appellate counsel was ineffective when counsel failed to (5) challenge the propriety of the district court's imposition of consecutive sentences.

(b) Failure to Raise Ineffective Assistance of Trial Counsel

In his postconviction motion, Hicks alleged that he received ineffective assistance of appellate counsel when his counsel failed to raise on direct appeal that his trial counsel was ineffective.

When a claim of ineffective assistance of appellate counsel is based on the failure to raise a claim on appeal of ineffective assistance of trial counsel (a layered claim of ineffective assistance of counsel), an appellate court will look at whether trial counsel was ineffective under the *Strickland* test. *State v. Parnell, supra.* If trial counsel was not ineffective, then the defendant was not prejudiced by appellate counsel's failure to raise the issue. *Id.* Much like claims of ineffective assistance of trial counsel, the defendant must show that *but for* counsel's failure to raise the claim, there is a reasonable probability that the outcome would have been different. *Id.* In the context of a plea of guilty or no contest, this means a reasonable probability that the defendant would have insisted on going to trial rather than entering a plea. See *State v. Anderson, supra.* In determining whether trial counsel's performance was deficient, courts give counsel's acts a strong presumption of reasonableness. *State v. Parnell, supra.*

With respect to this claim, the entirety of Hicks' allegation reads as follows:

Counsel rendered ineffective assistance, for failing to raise claim of ineffective assistance of trial counsel. . . . [Hicks] pleading in the case at hand was a direct lack of performance from trial counsel. Appellate counsel [sic] failure to raise this claim rendered ineffective assistance of appeal [sic] counsel. Failure to raise said claim prejudiced [Hicks] of review by the courts of trial counsel's ineffectiveness. When trial counsel failed to argue and challenge several issue's [sic] that occurred before said plea hearing. Which denied [Hicks] his constitutional right to effective appellate counsel.

The district court construed this claim to incorporate the claims of ineffective assistance of trial counsel contained elsewhere in Hicks' postconviction motion, and it ultimately found that "such arguments would have . . . no merit on appeal" and that Hicks had failed "to set forth facts or law establishing inclusion of such issues would have 'changed the result of the appeal.'" However, we determine that such analysis was unnecessary. Hicks' allegations on this issue, quoted above, did not meet the standard of specificity required by *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). Hicks' arguments merely assert the conclusory allegation that he was prejudiced by his appellate counsel's failure to raise the issue of ineffective assistance of trial counsel. Hicks did not refer to any specific conduct of his trial counsel which was deficient, instead arguing that his trial counsel had failed to argue and challenge "several issues" during the pretrial stages. Neither did Hicks explicitly incorporate the claims of ineffective assistance of trial counsel which he argued elsewhere in his postconviction motion--although he attempts to do so now in his brief on appeal.

Even construing this claim to incorporate the separate claims of ineffective assistance of trial counsel found elsewhere in Hicks' postconviction motion, as the district court elected in its order, we find no error. When a conviction is based upon a guilty or no contest plea, the prejudice requirement for an ineffective assistance of counsel claim is satisfied if the defendant shows a reasonable probability that but for the errors of counsel, the defendant would have insisted on

going to trial rather than pleading guilty or no contest. *State v. Anderson, supra*. Additionally, self-serving declarations that a defendant would have gone to trial are not enough to warrant a hearing; a defendant must present objective evidence showing a reasonable probability that he or she would have insisted on going to trial. *State v. Privett*, 303 Neb. 404, 929 N.W.2d 505 (2019).

With respect to the prejudice prong of the *Strickland* test, the district court found that Hicks had failed to "set forth any facts, much less sufficient facts" that would establish a reasonable probability that he would have insisted on going to trial if not for his counsel's alleged errors. The court also highlighted the strength of the State's case and the plea offer, which dismissed 11 of the original 13 counts, resulting in a significant reduction to the potential penalties Hicks faced. With respect to the deficiency prong, the district court found no merit to Hicks' underlying claims, finding that they were based on a "misunderstanding of the law" and that even if his trial counsel had raised the claims, they would not have been successful.

We determine that Hicks' postconviction claim that he received ineffective assistance of appellate counsel when his appellate counsel failed to raise the issue of trial counsel's performance was insufficiently pled. In his postconviction motion, Hicks failed to specify any particular conduct of his trial counsel which his appellate counsel should have addressed on direct appeal. For that reason, we decline to specifically analyze the merits of this claim. We conclude that the district court did not err in denying an evidentiary hearing, although our reasoning differs from that of the district court. This argument fails.

### (c) Failure to Inform of Potential Defenses

In his postconviction motion, Hicks alleged that his appellate counsel rendered ineffective assistance for failing to "inform [Hicks] of [the] full range of challenges and defenses pursuant to [the] plea agreement." Hicks claimed that his appellate counsel informed him that because he had entered a plea, the only argument he was permitted to raise on appeal was the propriety of the sentence imposed. Hicks argued that this information was inaccurate and that, as a result, he was prevented from raising "valid claims" on direct appeal.

Here, Hicks did not establish prejudice resulting from his counsel's conduct, because he did not specify which "valid claims" he was prevented from bringing on direct appeal, nor did he demonstrate a substantial probability that those unspecified claims would have been successful. See *State v. Parnell*, 305 Neb. 932, 943 N.W.2d 678 (2020).

We determine that this claim of ineffective assistance of appellate counsel was insufficiently pled and that the district court did not err in denying an evidentiary hearing. This argument fails.

### (d) Failure to Raise Multiplicity Doctrine

Hicks' next postconviction claim asserts that his appellate counsel rendered ineffective assistance in failing to raise arguments related to the "multiplicity doctrine" on appeal. Hicks alleged that the State's factual basis showed that he was in possession of both firearms simultaneously, which "constitut[ed] one offense under the multiplicity doctrine derived from the double jeopardy clause" of the U.S. Constitution. Hicks alleged that his no contest pleas where therefore invalid.

- 6 -

As relevant here, the Double Jeopardy Clauses of both the federal and the Nebraska constitutions protect against multiple punishments for the same offense. *State v. Huff*, 282 Neb. 78, 802 N.W.2d 77 (2011). When the State argues that a defendant's course of conduct involves one or more distinct offenses under a single statute, the Supreme Court has focused on the allowable unit of prosecution. See, *State v. Al-Sayagh*, 268 Neb. 913, 689 N.W.2d 587 (2004); *State v. Mather*, 264 Neb. 182, 646 N.W.2d 605 (2002). Whether a particular course of conduct involves one or more distinct offenses under a statute depends on how a legislature has defined the allowable unit of prosecution. *State v. Al-Sayagh, supra*.

Hicks was convicted of two counts of possession of a deadly weapon (firearm) by a prohibited person in violation of Neb. Rev. Stat. § 28-1206 (Reissue 2016). These convictions arose from a single "controlled buy" transaction wherein Hicks took possession of two pistols simultaneously. In his postconviction motion, Hicks alleged that the allowable unit of prosecution under § 28-1206 does not permit multiple convictions where multiple weapons were acquired at the same time.

To begin with, we point out that the Supreme Court has held that when a defendant fails to challenge a statute's allowable unit of prosecution via a pretrial motion to quash, he has failed to preserve the issue for appellate review. See *State v. Al-Sayagh, supra*. Thus, even if Hicks' appellate counsel had assigned as error that multiple convictions under § 28-1206 violated the Double Jeopardy Clause, the appellate court would not have considered this assignment. Because of this, Hicks cannot prove that the outcome of his appeal would have been different had his appellate counsel raised the issue.

With respect to the underlying merits of Hicks' claim, we note that Hicks does not reference any Nebraska case which holds that multiple convictions under § 28-1206 are disallowed on double jeopardy grounds--nor does research indicate that such a case exists. Rather, Hicks relies upon federal precedent interpreting federal criminal statutes. He cites to an opinion where the Eighth Circuit Court of Appeals held that where a federal statute prohibits the unlawful possession of "any firearm," the allowable unit of prosecution under the statute is ambiguous. *U.S. v. Kinsley*, 518 F.2d 665 (8th Cir. 1975). Because the statute at issue in *Kinsley* was ambiguous, the panel applied the "rule of lenity" and held that the Government could not treat each of several firearms simultaneously possessed as a separate unit of prosecution.

In his postconviction motion, Hicks argued that the Supremacy Clause of the U.S. Constitution requires this court to apply the Eighth Circuit's reasoning from *Kinsley* to § 28-1206. This argument is based upon a misunderstanding of constitutional law. A federal court's interpretation of a federal criminal statute has no binding effect upon a state court's interpretation of a similar (but not identical) state statute. "Our federal constitution does not dictate to the state courts precisely how to interpret their own criminal statutes." *Ponnapula v. Spitzer*, 297 F.3d 172, 182 (2nd Cir. 2002). See, also, *Garner v. Louisiana*, 368 U.S. 157, 82 S. Ct. 248, 7 L. Ed. 2d 207 (1961) (federal court is bound by State's interpretation of its own statute and will not substitute its own judgment for that of State's).

In addition, the specific rationale underpinning the holding in *Kinsley* would not apply in this case. In finding the federal firearm statute to be ambiguous, the panel stated:

Significantly, in many of the cases in which the courts have found [an] ambiguity, the object of the offense has been prefaced by the word "any." Seemingly, this is because "any" may be said to fully encompass (*i.e.*, not necessarily exclude any part of) plural activity, and thus fails to unambiguously define the unit of prosecution in singular terms.

*U.S. v. Kinsley*, 518 F.2d at 667. See, also, *State v. Williams*, 211 Neb. 650, 319 N.W.2d 748 (1982).

While the federal statute discussed in *Kinsley* prohibited the possession of "any firearm," the relevant language of § 28-1206 provides that a convicted felon is guilty if he or she "[p]ossesses a firearm." The distinction between "any" and "a" has proven to be critical for courts determining a statute's allowable unit of prosecution.

The Supreme Court of Iowa has held that a criminal statute prohibiting the possession of "an offensive weapon" is not ambiguous and that possession of multiple firearms were each a separate chargeable offense. *State v. Kidd*, 562 N.W.2d 764 (Iowa 1997). The Iowa court cited to multiple opinions written by federal and state courts, all of which were in accord with its holding. See *id.* See, also, *Chesser v. State*, 148 So. 3d 497 (Fla. App. 2014) (differentiating between "a" and "any" in criminal statutes).

Based on the foregoing case law, we conclude that the language of § 28-1206 is not ambiguous and that simultaneous possession of multiple firearms each consists of a separate offense. The underlying argument in this claim of ineffective assistance of appellate counsel is without merit. Therefore, Hicks' appellate counsel could not have performed deficiently by failing to raise a double jeopardy challenge on direct appeal. Counsel cannot be ineffective for failing to raise a meritless argument. *State v. Schwaderer*, 296 Neb. 932, 898 N.W.2d 318 (2017).

The district court properly denied this postconviction claim without an evidentiary hearing for several reasons. First, the issue was not properly preserved for appellate review by a timely motion to quash, making it irrelevant that Hicks' appellate counsel failed to assign it as error. Second, Hicks did not support this claim with any colorable legal argument; instead he relied on a misunderstanding of the function and application of the Supremacy Clause. Third, the case law outlined above demonstrates that even a properly articulated challenge to the allowable unit of prosecution under § 28-1206 would have been unsuccessful. This argument fails.

(e) Failure to Challenge Factual Basis

Hicks' postconviction motion alleged that his appellate counsel was ineffective for failing to challenge the sufficiency of the State's factual basis. In support of his claim, he cited to a federal decision from the Eighth Circuit Court of Appeals which interpreted and applied federal criminal statutes related to firearms. See *U.S. v. Webber*, 255 F.3d 523 (8th Cir. 2001). In essence, this claim restates Hicks' argument that his constitutional double jeopardy rights were violated when he was charged with two separate counts of possession of a firearm stemming from a single transaction. See subsection (d) above.

The voluntary entry of a guilty plea or a plea of no contest waives every defense to a charge, whether the defense is procedural, statutory, or constitutional. *State v. Manjikian*, 303 Neb. 100, 927 N.W.2d 48 (2019). This includes the right against double jeopardy. *Id.* In *Manjikian*, the Supreme Court held that a defendant had waived his right against double jeopardy when he entered

into the plea agreement. Therefore, the court held that Manjikian's assignment of error on appeal that he had been put twice in jeopardy was without merit. Likewise, by accepting the State's plea offer and pleading no contest, Hicks waived his right to raise a constitutional double jeopardy challenge on direct appeal. For this reason, even if Hicks' appellate counsel had raised this issue, it would not have altered the outcome of the proceeding. As in *Manjikian*, an appellate court would have found any assignment of error related to a violation of Hicks' double jeopardy to be meritless. Hicks cannot demonstrate prejudice resulting from his appellate counsel's conduct. Additionally, and as we have outlined in the previous section, there is no merit to Hicks' underlying claim that the Double Jeopardy Clause prohibited the State from charging him with multiple counts of possession of a deadly weapon relating to the same transaction. Thus, Hicks' appellate counsel could not have performed deficiently.

Because Hicks could not satisfy either prong of the *Strickland* test, no evidentiary hearing was necessary on this claim. The district court did not err, and this argument fails.

### (f) Failure to Challenge Consecutive Sentences

As we stated in the background section above, Hicks' amended motion was identical to his original postconviction motion but for the inclusion of two additional claims for relief: (1) that the district court had erred in imposing consecutive sentences and (2) that appellate counsel had been ineffective for failing to raise that issue on direct appeal. Because a direct challenge to the propriety of Hicks' consecutive sentences could have been raised on direct appeal, this claim is procedurally barred. See *State v. Parnell*, 305 Neb. 932, 943 N.W.2d 678 (2020). However, Hicks' allegation that his appellate counsel was ineffective for failing to raise the issue of Hicks' consecutive sentences was properly before the district court.

In his amended postconviction motion, Hicks alleged that because the same video recording was used as evidence to support both counts of possession of a firearm by a prohibited person, the district court was obligated to impose concurrent sentences. Hicks further alleged that due to his appellate counsel's failure to raise this issue, he was prejudiced because he would serve an additional 20 to 24 years in prison as a result of the consecutive sentences.

We determine that Hicks failed to demonstrate prejudice resulting from his counsel's conduct. Hicks' amended postconviction motion does not cite to any Nebraska cases which hold that when a defendant is convicted of multiple weapons offenses stemming from a single incident, the sentences for those convictions must run concurrent to one another--nor do we locate any such precedent. Rather, it is within the discretion of the trial court to impose consecutive rather than concurrent sentences for separate crimes. *State v. Mora*, 298 Neb. 185, 903 N.W.2d 244 (2017). Here, Hicks pleaded no contest to two counts of possession of a firearm by a prohibited person. The State's factual basis distinguished the two charges by referencing the different models and serial numbers of the firearms in question. Thus, the district court acted within its authority in imposing consecutive sentences on Hicks, and this court summarily affirmed Hicks' convictions and sentences on direct appeal.

Because Hicks could not establish prejudice under *Strickland*, no evidentiary hearing on this claim of ineffective assistance of appellate counsel was warranted.

## VI. CONCLUSION

The decision of the district court denying Hicks' motion for postconviction relief without an evidentiary hearing is affirmed.

AFFIRMED.